IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:02-CR-79-H

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| PHILLIP DWAYNE ADCOCK, | ) | **ORDER** |
|  | ) |  |
| Defendant. | ) |  |

This matter is before the court upon a letter from defendant, Phillip Dwayne Adcock, ("Mr. Adcock") [DE #42] regarding the continued viability of a forfeiture judgment entered against him. Upon receipt of the letter, this court directed the United States to submit a response to the court identifying the legal bases for the continued viability of the forfeiture judgment. [DE #43]. This court has received and reviewed the government's response as well as Mr. Adcock's reply. [DE #45, #47]. This matter is ripe for adjudication.

## BACKGROUND

On December 20, 2002, Mr. Adcock was charged with acts in violation of Title 21, United States Code, Sections 841 and 846. [DE #1]. On January 6, 2003, the defendant entered into a plea agreement that included the forfeiture of $24,000 in U.S.

currency already in the possession of the Government, as well as the forfeiture of $160,000, a sum not in the possession of the Government with unknown whereabouts. [DE #3].

On April 4, 2003, this court directed the Clerk of Court, pursuant to the government's unopposed motion, to enter a Judgment against the defendant for the forfeitable amount of $160,000. [DE #8]. Pursuant to the order, judgment was entered on April 7, 2003 in the amount of $160,000 with an interest rate of 1.19 percent. [DE #9]. However, the court did not reference this forfeiture judgment in its criminal judgment entered on April 15, 2003. [DE #11]. Mr. Adcock served his sentence and, according to his reply, was released without any attempt by the United States to collect this debt. [DE #47 at 1].

On November 13, 2012, as a result of the revocation of his supervised release and the addition of an unrelated charge, Mr. Adcock returned to the custody of the Bureau of Prisons ("BOP"). [DE #37]. In 2014, the BOP required Mr. Adcock to begin making payments toward the 2003 forfeiture judgment or be sanctioned with the loss of certain privileges. [DE #47 at 3]. On September 7, 2016, the court received a letter from Mr. Adcock requesting documents relevant to any debts owed to the United States as a result of his 2003 criminal conviction. [DE #40]. In a

2

subsequent letter, Mr. Adcock argues the forfeiture judgement is unenforceable both because it was not included in the final judgment and collection of the debt does not accord with Rule 69(a) of the Federal Rules of Civil Procedure. [DE #11, #42].

## COURT'S DISCUSSION

While Federal Rule of Civil Procedure 69(a) and North Carolina General Statute 1-47(1), taken together, provide that a civil monetary judgement is valid for ten years and may not be enforced after ten years, unless a motion to renew the judgment is made within that time, the monetary judgement herein was in relation to a criminal forfeiture. Therefore, the rules of criminal, rather than civil, procedure are controlling.

Federal Rule of Criminal Procedure 32.2(a) requires that a court "not enter a judgement of forfeiture . . . unless the indictment or information contains notice to the defendant that the government will seek the forfeiture . . . as part of any sentence." The criminal indictment against Mr. Adcock unequivocally provided notice that it was the intent of the government to seek forfeiture of "any and all property used or intended to be used" to facilitate the alleged criminal offense. [DE #1]. Mr. Adcock was also made aware of the forfeiture when

3

he signed a plea agreement which included a $160,000 forfeiture. [DE #3]. Thus, Mr. Adcock received sufficient notice on multiple occasions that he would be held responsible for this monetary judgment.

However, the forfeiture judgment against Mr. Adcock was not included or referenced in his judgment of conviction. The court is required to make the defendant aware of the forfeiture at sentencing and must include the forfeiture "directly or by reference in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B). However, "the court's failure to do so *may be corrected at any time* under Rule 36." Id. (emphasis added). Here, the record reveals all parties were aware of the forfeiture and intended it to be included in the final judgment. Therefore, the court finds the omission to be a clerical error, which does not invalidate the forfeiture. See U.S. v. Martin, 662 F.3d 301, 309-10 (4th Cir. 2011); U.S. v. Quintero, 572 R.3d 351, 353 (7th Cir. 2009).

Rule 36 allows the court to correct, "at any time . . . a clerical error in a judgment . . . arising from oversight or omission." Fed. R. Crim. P. 36. The failure to include forfeiture language in a final judgment has been held to constitute a clerical error that may be corrected at the court's

4

discretion, so long as the parties had prior notice of the forfeiture. Quintero, at 353. See U.S. v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005); U.S. v. Bennett, 423 F.3d 271, 281 (3rd Cir. 2005); U.S. v Loe, 248 F.3d 499, 464 (5th Cir. 2001); U.S. v. Hatcher, 323 F.3d 666, 673-74 (8th Cir. 2003). The court directs the Clerk of Court to correct this clerical error.

Defendant also argues the forfeiture judgment has expired. Defendant's argument fails, as a judgment of criminal forfeiture has no expiration because it is *in personam*, meaning attached to a particular person. U.S. v. Fischer, 394 Fed. Appx. 322, 323 (7th Cir. 2010). Once the judgment of criminal forfeiture has been made, it continues to be a debt that is owed by the defendant "until satisfied in full." U.S. v. Delco Wire & Cable Co., Inc., 772 F. Supp. 1511, 1517 (E.D. Pa. 1991). Criminal forfeiture judgments "remain in effect until . . . satisfied" either through the collection of future earnings or through the forfeiting of substitute assets. Id. See U.S. v Navarrete, 667 F.3d 886, 887-88 (7th Cir. 2012); U.S. v. Casey, 444 F.3d 1071, 1074 (9th Cir. 2006); U.S. v. Baker, 227 F.3d 955, 970 (7th Cir. 2000).

## CONCLUSION

Finding that the forfeiture judgment of $160,000 should have been referenced in the final judgment of conviction [DE #11], pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the Clerk of Court is DIRECTED TO ENTER AN AMENDED JUDGMENT that includes reference to the criminal forfeiture money judgment of $160,000.

This 13th day of June 2017.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
lg